**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WISCONSIN HISPANIC**
**SCHOLARSHIP FOUNDATION, INC.,**
**d/b/a MEXICAN FIESTA,**

        **Plaintiff,**

    v.                                                               Case No. 09-C-0671

**ALBERT RAMIREZ, SR.**
**and MARTHA RAMIREZ,**
**d/b/a LA OTRA MITAD**
**MUSIC BOOKING AGENCY,**

        **Defendants.**

---

## DECISION AND ORDER

---

This breach of contract action was commenced by the Plaintiff, the Wisconsin Hispanic Scholarship Foundation, Inc., d/b/a Mexican Fiesta ("WHSF"), against the Defendants, Albert Ramirez Sr. and Martha Ramirez, d/b/a La Otra Mitad Music Booking Agency (collectively the "Defendants"). The matter is before the Court on WHSF's default judgment motion with respect to damages, seeking $211,110, as actual, general, incidental, and consequential damages, 5% prejudgment interest pursuant to section 138.04 of the Wisconsin Statutes, as well as its costs and reasonable attorney's fees. WHSF relies upon the Affidavit of Teresa Mercado ("Mercado"), the Mexican Fiesta Director of the WHSF, Exhibits A

through K attached to that affidavit, and the Affidavit of Louis Edward Elder ("Elder"), counsel for WHSF.

The lawsuit arises out of the Defendants' breach of two entertainment contracts to produce two bands, Los Primos De Durango and Big Circo, at the Mexican Fiesta in Milwaukee, Wisconsin for performances on August 23, and August 24, 2008. Subject matter jurisdiction is predicated upon 28 U.S.C. § 1332, which requires that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

By a Decision and Order issued on December 15, 2009, this Court granted WHSF's motion for default judgment as to liability against the Defendants, jointly and severally, and allowed WHSF until January 20, 2010, to resubmit its default judgment damages claim. The Court also stated that since the parties had not raised the issue of what state's law is to be applied in this diversity action, it will apply Wisconsin law.

On January 19, 2010, WHSF filed the Mercado Affidavit and the Elder Affidavit, in support of its motion for default judgment. In support of its damage request, WHSF cites Wisconsin Civil Jury Instructions 3725 and 3735, indicating under Wisconsin law the measure of damages is the amount that will compensate the plaintiff for the loss suffered because of the breach, and section 814.04 of the Wisconsin Statutes as the basis for the award of attorney's fees.

2

In general, the amount of consequential damages to which a party is entitled "is limited to such damages as are the natural and probable consequences of the breach and were within contemplation of the parties when the contract was made." *Peterson v. Cornerstone Prop. Dev., LLC*, 720 N.W.2d 716, 730 (Wis. Ct. App. 2006) (Citation omitted). The damages must "flow directly and necessarily from the breach of contract, and must be reasonably foreseeable at the time the contract was made as a probable result of the breach." *Reiman Assocs., Inc. v. R/A Adver., Inc.*, 306 N.W.2d 292, 300 (Wis. Ct. App. 1981); *see also* Wis JI-Civil 3710. In addition, under general principles of contract law, "[a]n injured party is entitled to the benefit of his agreement, which is the net gain he would have realized from the contract but for the failure of the other party to perform[,]" *Thorp Sales Corp. v. Gyuro Grading Co.*, 331 N.W.2d 342, 346 (Wis. 1983), however, "[a] party is not entitled to be placed in a better position because of a breach than he would have if the contract had been performed," *Hanz Trucking, Inc. v. Harris Bros. Co.*, 138 N.W.2d 238, 246 (Wis. 1965).

The Mercado Affidavit indicates that WHSF sustained damages of $181,358.00, based on the $18,500 deposit paid by WHSF for both groups; lost ticket sales of $38,448; marketing expenses of $12,000; $9,000 for staff time to find a replacement group; $6,210 in lost food and beverage sales; and, $97,200 in lost beer sales. (Mercado Aff. ¶¶ 4, 6.) Exhibit K to the Mercado Affidavit sets forth damages totaling $189,610, not including the $18,500 deposit for the two bands. Adding the $18,500 deposit brings the damages amount according

3

to Exhibit K to $208,110. There is a $26,752 difference between the damage figure disclosed by Exhibit K and the Mercado Affidavit.

WHSF does not discuss the discrepancy between the two damage amounts. However, review of the documents discloses that the source of the $26,752 difference between the damages claimed in the Mercado Affidavit and in Exhibit K is greater lost ticket sales and marketing expenses claimed in Exhibit K. The amounts for lost ticket sales and marketing expenses listed in Exhibit K are $26,352 and $400, respectively, greater than those set forth in the Mercado Affidavit.

The difference in the lost ticket sales figure is attributable to different methods of calculating that loss. Mercado reports a 14% loss in attendance of 3,204 documented by Mexican Fiesta attendance records resulting in lost ticket revenue of $38,448. Exhibit K, an undated business record, estimates lost ticket sales of $64,800, based on 5,400 (60% of the 9,000 stage capacity) multiplied by $12.00 for an admission ticket.

Damages must be proved to a reasonable degree of certainty. *See Pleasure Time, Inc. v. Kuss,* 254 N.W.2d 463, 470 ( Wis. 1977). The $38,448 lost ticket sales calculated by the Mercado Affidavit is based on the actual lost ticket sales rather than an estimate based on stage capacity. Thus, the Court will rely upon the $38,448 lost ticket sales for the damage award. However, the $400 difference in marketing costs appears to be an error. Twenty percent of the $62,000 marketing cost is $12,400. Therefore, the Court concludes that WHSF has established that it sustained $181,758.00 in compensatory damages.

4

WHSF also requests prejudgment interest. The parties' contract does not address prejudgment interest. The general rule is that prejudgment interest may be recovered only when damages are either liquidated or liquidable, that is, there is a reasonably certain standard of measurement by the correct application of which one can ascertain the amount he or she owes. *See Bigley v. Brandau,* 203 N.W.2d 735, 740-41 (Wis. 1973); *Johnson v. Pearson Agri-Sys., Inc.*, 350 N.W.2d 127, 135 (Wis. 1984). The most frequently stated rationale for the rule is that if the amount of damages is either liquidated or determinable by reference to some objective standard, the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages. *Id.* Ordinarily, this is the amount of the demand in the complaint. *See id*.

In *Dahl v. Housing Authority of City of Madison*, 194 N.W.2d 618, 622-24 (Wis. 1972), a breach of contract action, the court allowed prejudgment interest on some liquidated contract items and disallowed interest on some disputed items. In this case, the $18,500 deposit that WHSF paid to the Defendants is readily identifiable element of actual contract damages. The information set forth in Exhibit H to the Mercado Affidavit indicates that WHSF became aware of the breach as of August 13, 2008. Therefore, 5% simple prejudgment interest on the $18,500 deposit will run as of August 13, 2008, through the date of the judgment. The remaining portions of the contract damages became ascertainable as of the date the Complaint was filed – July 8, 2009. The Defendants have not disputed any amounts of the claimed damages. Therefore, the Court will award 5% simple prejudgment

interest on remaining $163,258 in damages beginning on July 8, 2009, through the date of the entry of judgment.

WHSF also requests attorney's fees in the amount of $500. The decision to grant attorney's fees in a diversity action is controlled by state law. *Jackman v. WMAC Inv. Corp.*, 809 F.2d 377, 383 (7th Cir. 1987). Under Wisconsin law, generally, attorney fees are recoverable only when a statute or contract provides for them. *See Elliott v. Donahue*, 485 N.W.2d 403, 408 (Wis. 1992). In this case, the contracts between the parties expressly provide that the purchaser, WHSF, will pay its own legal fees. (*See* Mercado Aff., Ex. A, Ex. B.) Therefore, WHSF's request for attorney's fees is denied.

However, since WHSF is the prevailing party in this action, the judgment will include an award of post-judgment interest pursuant to 28 U.S.C. § 1961. *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (stating that section 1961(a) of the Judicial Code entitles the prevailing plaintiff in a federal suit, including a diversity suit, to postjudgment interest at a rate fixed in the statute).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

WHSF's motion for default judgment in its favor and against the Defendants, jointly and severally (Docket #5) is **GRANTED** as to damages to the following extent: WHSF is awarded $181,758.00 in damages, plus prejudgment simple interest on $18,500 at the rate of 5% pursuant to Section 138.04 of the Wisconsin Statutes from August 13, 2008, through

6

interest on remaining $163,258 in damages beginning on July 8, 2009, through the date of the entry of judgment.

WHSF also requests attorney's fees in the amount of $500. The decision to grant attorney's fees in a diversity action is controlled by state law. *Jackman v. WMAC Inv. Corp.*, 809 F.2d 377, 383 (7th Cir. 1987). Under Wisconsin law, generally, attorney fees are recoverable only when a statute or contract provides for them. *See Elliott v. Donahue*, 485 N.W.2d 403, 408 (Wis. 1992). In this case, the contracts between the parties expressly provide that the purchaser, WHSF, will pay its own legal fees. (*See* Mercado Aff., Ex. A, Ex. B.) Therefore, WHSF's request for attorney's fees is denied.

However, since WHSF is the prevailing party in this action, the judgment will include an award of post-judgment interest pursuant to 28 U.S.C. § 1961. *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (stating that section 1961(a) of the Judicial Code entitles the prevailing plaintiff in a federal suit, including a diversity suit, to postjudgment interest at a rate fixed in the statute).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

WHSF's motion for default judgment in its favor and against the Defendants, jointly and severally (Docket #5) is **GRANTED** as to damages to the following extent: WHSF is awarded $181,758.00 in damages, plus prejudgment simple interest on $18,500 at the rate of 5% pursuant to Section 138.04 of the Wisconsin Statutes from August 13, 2008, through

6

the January 27, 2010, date of the entry of judgment, and prejudgment simple interest on $163,258 at the rate of 5% pursuant to Section 138.04 of the Wisconsin Statutes from July 8, 2009, through the January 27, 2010, date of the entry of judgment by the Clerk of Court. Post-judgment interest pursuant to 28 U.S.C. § 1961 is also awarded.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

This action is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 27th day of January, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**